# IN THE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Estate of Demetrius Watson, deceased, | ) | |
|     Plaintiff, | ) | |
| v. | ) | No. 20 cv 00027 |
| | ) | |
| CHICAGO POLICE DEPARTMENT, | ) | |
| 3510 S Michigan Ave, Chicago, IL 60653, | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| City Hall, 121 N. LaSalle St., Chicago, IL 60602, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOES 1-10, members of "MISSION TEAM 2565D" | ) | |
| | ) | |
|     Defendants. | ) | **JURY TRIAL DEMANDED** |

## **COMPLAINT**

    NOW COMES the Plaintiff, Estate of Demetrius Watson, deceased, by attorney Anthony R. Burch, BURCH & ASSOCIATES, and as and for the Complaint against the Defendants, states as follows:

### INTRODUCTION

    1.    This is a case for damages for civil rights violations up to and including the wrongful death of a man whose house was invaded by police without a warrant or probable cause in pursuit of a family member. The man consequently suffered a heart attack. Officers on the scene ignored their duty to respond, and idly watched him die, hands literally in their pockets, walking over or around the man as they went about their business, knowing that their presence inhibited or interfered with any independent attempt at rescue.

### JURISDICTION AND VENUE

    2.    Jurisdiction is appropriate under 28 U.S.C. sections 1331 (for civil rights claims under 42 U.S.C. section 1983) and 28 U.S.C. section 1367 (for pendant state wrongful death claims).

3.      Venue is appropriate under 28 U.S.C. section 1391(b)(2), because the key events giving rise to the action occurred in the district. On information and belief venue is also proper under 28 U.S.C. section 1391(b)(1) and (3), because on information and belief all parties reside in the district and no other venue would be appropriate.

## PARTIES

4.      Decedent, Watson was at the time of his death an adult resident of the City of Chicago and County of Cook in Illinois.

5.      The City of Chicago is a municipal corporation within the district.

6.      The Chicago Police Department is a municipal entity under the City of Chicago that exercises direct control over city police.

7.      Does are individuals, unidentified at this time, that participated in the police activity surrounding the plaintiff's home on the night of his death.

## EVENTS

8.      On January 2, 2019 around 8 p.m., members of the Chicago Police Department Mission Team 2565D, hailed to the curb a Black Ford in the North Austin neighborhood of Chicago.

9.       The driver of the Ford, Jordin Smith, exited the vehicle and proceeded to his nearby home at 5525 West Potomac Avenue, a two-family home which he shared with members of his extended family living in both units.

10.     Plaintiff Decedent was one of Jordin Smith's relatives living in the building, specifically his father in law.

11.     Plaintiff had a reasonable expectation of privacy in his home, including the floor of the building occupied by Jordin Smith, which was owned by Plaintiff.

12.     The police, acting without a warrant, probable cause, or exigent circumstances, followed Jordin Smith to his home, broke down his door, and entered, shouting at Jordin Smith to surrender.

13. Police were in uniform and armed with handguns and other weapons. They entered the home with guns drawn.

14. Upon the entry of police into his house, Plaintiff Decedent came out onto his porch where he suffered congestive heart failure and went into cardiac arrest. A substantial cause of the heart attack was the sudden and violent entry of the police with the attendant commotion and fear. But for the unlawful conduct of the defendants, Plaintiff would not have suffered a heart attack.

15. As the decedent lie helpless on the porch, additional police arrived. Defendants were individually and collectively aware that the decedent had suffered an acute life-threatening event as they observed him on the porch and proceeded to walk over or around him to enter the house.

16. The decedent did not need to die. Life-saving techniques well known to the defendants and the general public could have sustained him until he could be conducted to a hospital, including CPR and the administration of aspirin.

17. Defendants had a duty to administer such care as within their knowledge was likely to preserve the life of the decedent.

18. Defendants administered no care.

19. By detaining other members of the household during the ensuing apprehension of Jordin Smith and search of the home, and by their visible presence on the scene, defendants not only failed to administer life-saving care, but actively interfered with the ability of others to try to save the decedent's life.

## COUNT ONE
### Civil Rights

20. Plaintiff realleges foregoing paragraphs 1-19.

21. Defendant officers were at all times relevant hereto acting under color of law, specifically their authority as Chicago Police officers, in invading the Plaintiff's home and leading to his death.

22. Defendant had a fundamental right under the Fourth Amendment, to "be left alone," which plaintiffs violated when intruding upon his family's solitude without probable cause.

23. By their presence and interference, the police effectively created a zone of custody surrounding the Plaintiff, effectively seizing him in violation of the Fourth Amendment.

24. Plaintiff had a fundamental right under the Fourteenth Amendment not to be deprived of life. By their actions, the defendants caused his death.

25. The rights of the Plaintiff and duties of the officers were clearly established at the time of Plaintiff's death, but officers acted in wanton disregard for their duties as officers.

26. Defendants City of Chicago and Chicago Police Department had a duty to oversee, train, and discipline officers. Their failure to meet these duties contributed to the delicts complained of herein.

WHEREFORE, the Plaintiff demands a money judgment against each of the defendants, jointly and severally, for:
   a. The full cost of injuries, including pain and suffering, medical bills, and lost wages, in an amount to be determined at trial;
   b. Pre-and post-judgment interest, court costs, and fees as allowed by law;
   c. Sufficient exemplary damages to prevent a repetition of these circumstances; and
   d. Such other relief as the court deems appropriate.

## COUNT TWO

<u>Wrongful Death/Illinois Law Negligence</u>

27. Plaintiff realleges foregoing paragraphs 1-19.

28. Defendant officers of the Chicago Police Department Mission Team 2565D, caused, or were a substantial factor in, the death of Plaintiff decedent by:

   a) Traumatically and violently invading plaintiff's home.

   b) Failing to provide immediate medical assistance when required.

   c) Unlawfully detaining family members, including Jordin Smith, who would otherwise have administered first aid.

   d) Allowing the decedent to remain in the midst of an area of high police activity and conducting that activity around him, hence inhibiting and preventing others from coming to his aid.

29. On information and belief, the Chicago Police Department is culpable for these events because of its mistraining of officers and toleration of bad conduct. One of the officers on scene commented that he would have intervened to assist the decedent but was not allowed to. None of the officers involved in this episode have been disciplined for their actions leading to Plaintiff's death.

30. As a direct and proximate result of one or more of the above-listed acts and/or omissions by these Defendant(s), Plaintiff decedent sustained injuries of a personal and pecuniary nature, that caused his death and which survive his death.

WHEREFORE, the Plaintiff demands a money judgment against each of the defendants, jointly and severally, for:

e. The full cost of injuries, including pain and suffering, medical bills, and lost wages, in an amount to be determined at trial;
f. Pre-and post-judgment interest, court costs, and fees as allowed by law;
g. Sufficient exemplary damages to prevent a repetition of these circumstances; and
h. Such other relief as the court deems appropriate.

Respectfully Submitted:

/s/Anthony R. Burch
Burch & Associates
Attorney for Plaintiff

6281093
Burch & Associates
1430 N Western Ave
Chicago, IL 60622
(773) 235-6565